<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANGEL I. ROSARIO-SANCHEZ, | : | |
| | : | Case No. 23-20740 (BRM) (JBC) |
| Plaintiff, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| LUIS ADOLFO ESCOBAR-ESCOBAR, | : | |
| | : | |
| Defendant. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is *pro se* plaintiff Angel I. Rosario-Sanchez ("Plaintiff") civil rights complaint ("Complaint"), filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Based on his affidavit of indigence (ECF No. 1-1), the Honorable Kevin McNulty previously granted him leave to proceed *in forma pauperis* and ordered the Clerk of the Court to file the Complaint.[1] (ECF No. 3.)

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Complaint is **DISMISSED** in its entirety.

**I. BACKGROUND**

Plaintiff is a prisoner confined in Hudson County Correctional Center ("HCCC"), in Kearney, New Jersey. (*See* ECF No. 1.) Plaintiff brings this civil rights action, pursuant to 24

---

[1] This matter was previously assigned to the Honorable Kevin McNulty. The matter was reassigned to the undersigned on November 29, 2023 for all further proceedings. (ECF No. 4.)

U.S.C. § 1983, against fellow inmate Luis Adolf Escobar-Escobar ("Defendant"). (*See id.*) The Complaint alleges Defendant was Petitioner's cellmate in 2021. (*See id.* at 3.) At some point, Sergeant H. Fernandez questioned Petitioner on whether there was "inappropriate touching" between Petitioner and Defendant. (*Id.*) Petitioner was placed in "protective custody" pending the outcome of an investigation. (*Id.*) Petitioner was placed back in his cell after it was shown that the allegations were unsubstantiated. (*Id.*) The Complaint alleged that Defendant "has been spreading lies about [Petitioner]" and sexual conduct between Petitioner and Defendant. (*Id.*) Defendant has also threatened and harassed Petitioner. (*Id.*)

Plaintiff seeks to press charges against Defendant and monetary compensation. (*See id.* at 4.)

## II. LEGAL STANDARD

### A.  Standard for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) and 1915A because Plaintiff is a prisoner who is proceeding as indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### B. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Therefore, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

### III. DECISION

Int the Complaint, Plaintiff alleges that Defendant, a fellow inmate, has harassed, threatened, and spread lies about Plaintiff. (*See* ECF No. 1.) Section 1983, however, only provides

3

a claim for relief for those acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). Petitioner's allegations set forth no basis for a claim under § 1983. It is not alleged that Defendant acted on behalf of the State or conspired with State actors to deny Petitioner his constitutional rights. *See Simonton v. Tennis*, 437 F. App'x 60, 62 (3d Cir. 2011) (finding fellow inmate who assaulted plaintiff was not a state actor and did not act under color of state law and therefore cannot be liable under § 1983). Therefore, Plaintiff's § 1983 claims against Defendant are **DISMISSED WITH PREJUDICE** for failure to state a claim.

## IV. CONCLUSION

For the reasons stated above, the Complaint is dismissed with prejudice in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim upon which relief may be granted. An appropriate order follows.

Dated: December 8, 2023

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE